UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KENNETH GRAFTON,

                            Plaintiff,

                                                        ORDER
-against-                                    15-CV-4563(SJF)(GRB)

COUNTY OF NASSAU and
SHERIFF MICHAEL J. SPOSATO,

                            Defendants.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

       On July 22, 2015, incarcerated *pro se* plaintiff Kenneth Grafton ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed *in forma pauperis* ("IFP application"). By letter dated August 6, 2015, the Court's Pro Se Office advised plaintiff: (1) that his IFP application "[did] not contain enough information for the Court to consider [it];"[1] (2) that he must complete the IFP application enclosed therewith and return it to the Court within fourteen (14) days from the date of the letter; and (3) that if he "[did] not comply, [his] case will not proceed." (Docket Entry ["DE"] 5).

       On August 14, 2015, plaintiff returned the IFP application sent to him by the Pro Se Office, but it was incomplete. Specifically, plaintiff responded to only one (1) of the eight (8) questions contained on that IFP application by indicating that he received no income from any source in the past twelve (12) months, but he failed to respond to the questions asking, *inter alia*, whether he is currently incarcerated and, if so, where; whether he is currently employed and, if

---

[1] Specifically, plaintiff failed to provide any responses to five (5) of the eight (8) questions contained on the form IFP application, and provided complete responses to only two (2) of the questions therein.

1

so, the amount of his gross and "take-home" pay or wages; the amount of money he has in cash or in a checking or savings account; whether he owns any real or personal property and, if so, the value of such property; whether he has any monthly expenses and, if so, the amount(s) thereof; whether anyone is dependent upon him for support and, if so, the amount he contributes to such support; and whether he has any debts or financial obligations and, if so, the amount(s) thereof. Accordingly, by letter dated August 25, 2015, the Court's Pro Se Office again advised plaintiff: (1) that his IFP application "[did] not contain enough information for the Court to consider [it];" (2) that he must complete the IFP application enclosed therewith and return it to the Court within fourteen (14) days from the date of the letter, i.e., on or before September 11, 2015, see Fed. R. Civ. P. 6(d); and (3) that if he "[did] not comply, [his] case will not proceed." (Docket Entry ["DE"] 5). To date, plaintiff has not filed a complete IFP application, paid the filing fee, or taken any steps to prosecute this action or otherwise communicate with the Court in this case.

I.  DISCUSSION

Civil proceedings brought *in forma pauperis* are governed by 28 U.S.C. § 1915 ("the IFP statute"), see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007), which requires a prisoner[2] applying for leave to proceed *in forma pauperis* in a civil action in federal court to submit the following documents upon such application: (1) "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor[,] [which] * * * shall state the nature of the action * * * and affiant's belief that the

---

[2] The IFP statute defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pre-trial release, or diversionary program." 28 U.S.C. § 1915(h).

2

person is entitled to redress[,]" id. § 1915(a)(1); and (2) "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint * * *, obtained from the appropriate official of each prison at which the prisoner is or was confined[,]" id. § 1915(a)(2). See Arzuaga v. Quiros, 781 F.3d 29, 34 (2d Cir. 2015). In addition, the IFP statute requires prisoners bringing a civil action in federal court "to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), "in installments deducted from their prisoner trust accounts." Arzuaga, 781 F.3d at 34.[3] Thus, in order to be granted leave to proceed *in forma pauperis*, a prisoner must submit to the Court, in addition to the documents required by Section 1915(a), a signed Prisoner Authorization form authorizing the institution with custody of the prisoner to assess, collect and forward payments from the prisoner's prison account to the Clerk of the Court until the three hundred fifty dollar ($350.00) filing fee, see 28 U.S.C. § 1914(a), is paid in full pursuant to Section 1915(b).

Since plaintiff's declarations in support of his IFP applications omit most of the information regarding the assets he possesses and his monthly liabilities, they do not accurately indicate the state of his finances at the time he filed the applications and, thus, do not comply with the documentation requirements of the IFP statute. Cf. Arzuaga, 781 F.3d at 34 (finding that the plaintiff complied with the documentation requirements of the IFP statute by submitting

---

[3] The IFP statute provides, in relevant part: (1) that "[t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of– (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint * * *[,]" 28 U.S.C. § 1915(b)(1); (2) that "[a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account[,]" id. § 1915(b)(2); and (3) that "[t]he agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." Id.

affidavits accurately depicting the state of his finances at the time he filed his motions to proceed IFP). Accordingly, plaintiff's applications for leave to proceed *in forma pauperis* are denied and plaintiff must pay a filing fee in the amount of four hundred dollars ($400.00)[4] to the Clerk of the Court **on or before November 30, 2015, or this action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute without further notice.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon plaintiff as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                              /s/
                                      Sandra J. Feuerstein
                                      United States District Judge

Dated:       October 28, 2015
              Central Islip, New York

---

[4] An administrative fee of fifty dollars ($50.00) is applied to all civil actions except, *inter alia*, for actions in which the plaintiff has been granted leave to proceed *in forma pauperis* in this Court.